877 F.2d 62
 50 Fair Empl.Prac.Cas. 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edward GAVIE, Georgiana Gavie, (87-1960) William Gayeski,
Marilyn Gayeski, et al., (88-1027) Plaintiffs-Appellants,
v.
The STROH BREWERY CO., an Arizona Corporation, City
Marketing, Inc., a Michigan Corporation, Robert Holland,
Robert E. Knox, John Doe, Multi-Employer Benefit Plan
Administrators, Inc., a Michigan Corporation, Dean G.
Holefca, Individually, Jointly and Severally, Board of
Trustees for Stroh Retirement Plan & Trust, Local 1038 of
National Conference of Brewery and Soft Drink Workers of the
U.S. and Canada, an Affiliate of the International
Brotherhood of Teamsters, Chauffeurs, Warehousemen and
Helpers of America, Defendants-Appellees.
 
 Nos. 87-1960, 88-1027.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1989.
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gavie appeals the district court's summary judgment for defendants Stroh Brewery, et al., on its claim for (1) breach of contract, (2) interference with prospective economic advantage, (3) intentional infliction of emotional distresses and (4) age discrimination under the Elliott-Larsen Civil Rights Act, Mich.Comp.Laws Sec. 37.2101-37.2804.
 
 
 2
 Gavie worked for Stroh as a bargaining unit employee of the distribution division called City Sales. In 1970, Stroh moved City Sales from the Detroit brewery to a separate location. Employees, including Gavie, who moved with City Sales won the right to "bump back" with full seniority into brewery jobs if Stroh ever sold or closed City Sales (under the "1970 Agreement").
 
 
 3
 Stroh decided in April, 1984 to sell City Sales to City Marketing. Stroh informed the union of the prospective sale and offered to extend a collective bargaining agreement covering City Sales employees on a day to day basis beyond its June 30, 1984 expiration date (under the "Contract"). The union accepted the offer. During the summer of 1984, City Marketing offered employment to all City Sales employees on terms to be negotiated by the employees' bargaining representative after the sale closed on November 1, 1984. Gavie rejected the offer and chose to bump back into a brewery job under the 1970 agreement. On February 8, 1985, Stroh announced its plan to close the brewery and to lay-off permanently all brewery employees on August 31, 1985. Stroh agreed with the union to pay severance benefits and to provide sufficient pension funding to enable the retirement plan to pay vested, accrued benefits on an accelerated and non-discounted basis to employees who executed a release of claims (under the May 3, 1985 "Shut-down Agreement"). Gavie refused to sign the release and did not receive the benefits until Stroh and the union amended the shut-down agreement on January 16, 1987 to eliminate the release requirement for Gavie and other plaintiffs.
 
 
 4
 Gavie's pertinent common law claims allege: (1) failure of Stroh and the union to inform plaintiffs before they transferred from City Sales of the brewery's impending closure; and (2) breach of promise by Stroh to employ plaintiffs until retirement, absent just cause for discharge. In addition, Gavie charges all defendants with age discrimination prohibited by the Elliott-Larsen Act.
 
 
 5
 The district court correctly treated Gavie's common law claims as a hybrid federal cause of action under Sec. 301 of the Labor-Management Relations Act, 29 U.S.C. Sec. 185. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985). Section 301 pre-empts any state claim that is "substantially dependant upon analysis of the terms of an agreement made between the parties in a labor contract." Allis-Chalmers Corp., 471 U.S. at 220. As the district court correctly noted, Sec. 301 pre-empts Gavie's common law claims because each one requires analysis and interpretation of a labor agreement. The first claim requires analysis of the 1970 Agreement and the Contract and the second claim requires analysis of the Contract and the Shut-Down Agreement. Section 301 did not pre-empt the age discrimination claim because it invoked a state statute that "confers non-negotiable state-law rights ... independent of any right established by contract,...." Allis-Chalmers, 471 U.S. at 213.
 
 
 6
 A hybrid Section 301 claim is subject to a limitations period of six months. DelCostello v. Int'l. Bhd. of Teamsters, 462 U.S. 151 (1983). The district court held that Gavie's cause of action accrued no later than May 31, 1985 when Stroh closed the Detroit brewery and permanently laid off brewery employees including Gavie. Therefore, Gavie's claims are barred by the statute of limitations because he filed suit on December 4, 1985 more than six months after their cause of action accrued. The district court held that Gavie knew or should have known by May 31, 1985 of every basis for the claims he now asserts.
 
 
 7
 The district court further held that Gavie's claim that the union breached its duty by failing to inform him of the brewery's impending closure before Gavie decided in 1984 to reject employment with City Marketing and to bump back into the brewery job had no factual basis. Gavie provided the district court with no evidence to support a finding that the union knew about the closure before Gavie decided to bump back into the brewery job. Gavie also asserts a conspiracy theory claiming that defendants knew by the summer of 1984 about Stroh's decision to close the brewery and conspired to keep it a secret so that older, higher-paid employees of City Sales would lose their jobs by rejecting employment with City Marketing and transferring to the brewery. The district court held that Gavie's conspiracy theory had no basis in fact. The theory requires evidence to support a finding that Stroh and other defendants knew by the summer of 1984 that Stroh would close its brewery in May 1985. The district court stated that all the evidence indicated that Stroh and defendants knew no earlier than February, 1985 of Stroh's plan to close the brewery, and that Stroh itself had no definite plan at that time to close the brewery. The district court said that neither Stroh nor the other defendants discouraged plaintiffs from accepting City Marketing's offer or encouraged them to bump back into the brewery. The district court noted that Gavie's own actions undermined his alleged conspiracy. As the district court stated, "City Marketing offered plaintiffs employment which is a peculiar way to induce a person to work for someone else." Gavie chose to bump back into the brewery despite, and not because of, defendant's conduct.
 
 
 8
 With regard to Gavie's second claim that Stroh breached an agreement to employ them until retirement, absent just cause of discharge, the district court stated that Stroh did agree to discipline or discharge only for just cause, but it never gave up its right to close the brewery and to lay off employees. Gavie conceded that Stroh never made a separate agreement with him insuring employment until retirement.
 
 
 9
 To prevail on his age discrimination claim, Gavie must prove that age was a "determining factor" in Stroh's decision to terminate his employment. Matras v. Aamco Oil, 424 Mich. 675, 683 (1986). If Stroh would have terminated plaintiffs regardless of the age, then age was not a determining factor. Matras, 424 Mich. at 691. Because Stroh closed its brewery and terminated all brewery employees, Gavie cannot sustain this burden by simply challenging the brewery's closure.
 
 
 10
 As the district court was not clearly erroneous in its factual holding that Gavie's cause of action accrued no later than May 31, 1985, his Sec. 301 claims are barred by the statute of limitations. Gavie failed to file suit by December 4, 1985, within the six month limitation period. DelCostello, 462 U.S. at 172. The district court also correctly granted summary judgment on Gavie's conspiracy and age discrimination claims. The conspiracy claim contained no genuine issue of material fact such that a jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). We cannot allow Gavie to rest upon mere allegations and suggested inferences to defeat summary judgment. Celotex Corp. v. Cattret, 477 U.S. 317, 322-23 (1986). Gavie must produce some evidence. Id. at 322-23; Smith v. Northern Michigan Hospitals, Inc., 703 F.2d 942, 948 (6th Cir.1983). On his age discrimination claim, Gavie could not prove that age was a "determining factor" in his dismissal and, therefore, failed to make out a prima facie case.
 
 
 11
 For the reasons stated above, we affirm the summary judgment of the district court.